**UNITED STATES of America, Plaintiff,**

v.

**Luis ARANA, Jose Reyes, Gilberto Felipe Hernandez, and Lorenzo Dominguez, Defendants.**

No. 95–CR–80272.

United States District Court,
E.D. Michigan,
Southern Division.

July 24, 1998.

Michael Stern, Washington, DC, Wayne F. Pratt, Detroit, MI, for plaintiff U.S.A.

Richard Paul Zipser, Bloomfield Hills, MI, for defendant Arana.

Don Ferris, Ferris & Salter, Ann Arbor, MI, for defendant Jose Reyes.

Ellen Dennis, Saline, MI, for defendant Dominguez.

Maria Mannarino, Detroit, MI, for defendant Hernandez.

*OPINION AND ORDER DENYING DEFENDANT HERNANDEZ'S MOTION TO DISMISS INDICTMENT DUE TO GRAND JURY ABUSE*

ROSEN, District Judge.

## I. INTRODUCTION

This drug conspiracy/murder for hire/witness tampering case is presently before the Court on the Motion of Defendant Gilberto Felipe Hernandez to Dismiss the Sixth Superseding Indictment based on Grand Jury abuse. Defendants Reyes, Arana and Dominguez have joined in Defendant Hernandez's motion. The Government has responded to Defendants' motion.

Having had the opportunity to review Defendants' Motion and Supporting Briefs and the Government's Response thereto, and having heard the oral arguments of counsel, the Court is now prepared to rule on this matter. This Opinion and Order sets forth the Court's ruling.

## II. DISCUSSION

In this Motion, Defendants challenge the manner in which the Government presented its case against them to the Grand Jury which led to the charges against them in the Sixth Superseding Indictment. It is undisputed that the primary evidence the Government presented to the Grand Jury was the testimony of a government agent. In his testimony, the agent supplied the sources and supporting details of the allegations contained in the indictment. Defendants contend that the presentation of the Government's case through the "hearsay" summary testimony of the government agent "denigrates the role of the Grand Jury and prevents the Grand Jury from fulfilling its historical and constitutionally established function", which is to "determine whether there is probable cause to believe a

crime has been committed" by conducting "a wide-ranging, *ex parte* investigation into the case before it." [Hernandez Brief, p. 4.]

In support of their Motion, Defendants rely upon *United States v. Powell,* 823 F.2d 996 (6th Cir.1987), *cert. denied,* 484 U.S. 969, 108 S.Ct. 464, 98 L.Ed.2d 403 (1987). In *Powell,* the Defendant presented the identical argument as Defendants do in this case.

The case against Powell, like this case, was presented to the Grand Jury principally, through the testimony of an Internal Revenue Agent who had been involved in the investigation of Powell and the two other defendants named in the indictment. 823 F.2d at 998. Prior to the agent's testimony, an Assistant United States Attorney distributed a proposed indictment to the grand jurors. *Id.* She then requested that the agent summarize the case and specify what evidence related to each of the three individuals charged in the indictment. *Id.* The agent provided some elaboration of the charges in the indictment, but most of his testimony paraphrased the indictment's description of the overt acts and added the name or names of individuals who had provided government investigators with the supporting information. *Id.* at 999.

Powell subsequently moved to dismiss the indictment contending that the IRS agent who testified had no personal knowledge of the facts and what the Grand Jury was given to support the charges against him was nothing more than the agent's "conclusions and inferences and few or none of the underlying facts." *Id.* The district court denied Powell's motion and the Sixth Circuit affirmed.

In finding no "prosecutorial misconduct" to warrant the dismissal indictment, the Sixth Circuit explained:

> "The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. **Thus, an indictment valid on its fact is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.** *[United States v.] Calandra,* 414 U.S. [338,] 344–45, 94 S.Ct. [613,] 618, 38 L.Ed.2d 561 [ (1974) citations omitted.]

The Fifth Amendment does not require federal courts to examine the sufficiency of the evidence upon which a grand jury relies to bring a true bill.

  \*  \*  \*  \*  \*  \*

> "[N]either the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act. . . . If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for the trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello[v. United States],* [350 U.S. 359,] 362–63, 76 S.Ct. [406,] 408, [100 L.Ed. 397 (1956)] (footnote omitted).

  \*  \*  \*  \*  \*  \*

In light of *Costello,* it is not surprising to find that **this Circuit has declared that the validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay.** *United States v. Markey,* 693 F.2d 594, 596 (6th Cir.1982). We held the challenge to the validity of the indictment in *Markey* to be "without merit," even though the FBI agent's testimony before the grand jury was arguably "slim and vague" because the agent had failed to bring his investigatory file to the hearing.

823 F.2d at 999–1000 (emphasis added).

Thus, the *Powell* court found no error on the district court's part in refusing to dismiss the indictment in Powell's case. The appellate court did, however, note without elabora-

tion in dicta its "disapproval of the manner in which the proceedings before the grand jury appear to have been handled." 823 F.2d at 997. Nonetheless, it found insufficient basis for the court to exercise supervisory authority over the grand jury process to dismiss Powell's indictment for prosecutorial misconduct in the presentation of evidence to grand jury, explaining:

> [T]his Circuit has admonished lower courts to ... exercise their supervisory powers sparingly; the defendant must demonstrate both that prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in that district and that he was prejudiced by the prosecutor's actions. (Citation omitted). The district court noted that the government had conceded that the preferred method for presenting evidence to the grand jury had not been followed in this instance. However, the district court found, and we agree, that Powell had failed to demonstrate a history of abuse of the grand jury process in the district. Should we be confronted with further such cases such as this arising in the Eastern District of Michigan, it is not inconceivable that we may conclude, viewing those cases against the background of this one, that such a history has been demonstrated; that would not help Mr. Powell, however.

*Id.* at 1001.

Stating only that "Defendant believes this type of prosecutorial misconduct [i.e., using a government agent to present evidence to the grand jury] is a 'long standing or common problem in grand jury proceedings' in this District, particularly following the decision of the Sixth Circuit Court of Appeals in *United States v. Ovalle,*" [Hernandez Motion, ¶], Defendants argue that the Sixth Superseding Indictment in this case should be dismissed.

As an initial matter, the Court notes that nowhere in the *Powell* majority opinion or in the separate concurring opinion of District Judge Enslen (sitting by designation) does the Sixth Circuit specify what precisely was improper about the case agent's presentation of evidence in that case. Defendants, through counsel, have represented that their challenge in this case is predicated upon the presentation of the agent of summary evidence and hearsay testimony. However, as discussed *supra,* presenting hearsay evidence has been specifically approved by the Supreme Court. *See Costello, supra.* Further, subsequent to *Powell,* the Sixth Circuit has expressly sanctioned the grand jury presentation of hearsay evidence. *See United States v. Johnson,* 931 F.2d. 57, 1991 WL 63622, *2 (6th Cir.1991) (unpublished opinion, text available on WESTLAW).

In *Johnson,* the defendant raised the same argument raised by Defendants in this case, i.e., he sought to have the district court dismiss the indictment because of the following alleged improprieties in the conduct of the grand jury proceedings: (1) FBI Special Agent W. Conley Carter offered hearsay testimony to the grand jurors, even though first-hand witnesses were available; (2) some of the testimony offered by Agent Carter was false or misleading; and (3) the prosecutor, improperly cut off certain questions posed by the grand jurors. Johnson's theory was that the grand jury that indicted him was "biased" by the improper presentation of evidence. Stating that "there is to be 'strict application' of the rule against inquiry into grand jury processes except where it is alleged that the body is 'biased or illegally constituted', the court noted that 'bias,' as used in *Costello* only 'refers to a grand jury which is predisposed in one way or another....' A claim that the grand jury becomes biased because the prosecutor presented evidence which an appellant considers inadequate or incompetent 'cannot be reconciled with the Supreme Court's holding' in *Costello.*" 1991 WL 63622 at *2.

Indeed, it appears that the practice of presenting hearsay evidence through a government agent/summary witness in grand jury proceedings is universally accepted in the federal courts. *See e.g., United States v. Flomenhoft,* 714 F.2d 708, 712 (7th Cir.1983) (indictment valid when evidence presented to grand jury was hearsay and the prosecutor offered to produce actual witnesses upon request), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *United States v. Bednar,* 728 F.2d 1043, 1049 (8th Cir.) (indictment valid when prosecutor presents

hearsay testimony of FBI agent to grand jury when it was clear that testimony was gathered from agent's participation in the investigation), *cert. denied,* 469 U.S. 827, 105 S.Ct. 110, 83 L.Ed.2d 54 (1984) *United States v. Al Mudarris,* 695 F.2d 1182, 1185 (9th Cir.) (indictment valid when based on summary evidence even if transcript or actual witnesses available), *cert. denied,* 461 U.S. 932, 103 S.Ct. 2097, 77 L.Ed.2d 305 (1983).

Furthermore, the Sixth Circuit has cautioned courts to "exercise extreme caution in dismissing an indictment for alleged grand jury misconduct." *United States v. Overmyer,* 899 F.2d 457, 465 (6th Cir.1990) (citations omitted). *See also United States v. Accetturo,* 858 F.2d 679, 681 (11th Cir.1988) (dismissal of indictment for prosecutorial misconduct is an extreme sanction that should be infrequently utilized).

Defendants assert that it is their belief that the presentation of summary evidence complained of is a "long standing" problem in Grand Jury proceedings in this District. Although the Court finds insufficient the factual support for Defendants' belief of a "long standing" practice, the plain language of *Powell* makes clear that in order to invoke the Court's exercise of its supervisory powers, it is fundamental that the defendant first and foremost establish "prosecutorial misconduct."

By application of the authorities discussed above, the Court finds no "prosecutorial misconduct" in the manner in which the evidence was presented to the Grand Jury in this case. Although the evidence was presented to the Grand Jury through a summary witness, Special Agent Barnowak, as discussed above, such a presentation has been expressly sanctioned by the federal courts. There is no evidence that Agent Barnowak "palmed off" hearsay evidence as first-hand evidence or that the evidence he presented was misleading, false or perjurious. Furthermore, the transcript of the Grand Jury proceedings makes clear that when the grand jurors asked questions requesting additional information they were provided with the information requested. In light of the foregoing, the Court finds insufficient grounds to take the extreme action sought by Defendants.

*CONCLUSION*

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Hernandez's Motion to Dismiss Indictment for Grand Jury Abuse be, and hereby is, DENIED.